AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| GUSTAVO ADOLFO YABRUDI | ) | 4:18MJ73 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

**FILED**

MAR 1 4 2018

Clerk, U.S. District Court
Texas Eastern

18-6127-HUNT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 22, 2016__ in the county of __Denton__ in the
__Eastern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

TFO DELBERT RUTHERFORD, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __3/14/18  1:15pm__

_____
*Judge's signature*

City and state: __Sherman, Texas__

CHRISTINE A. NOWAK, U.S. Magistrate Judge
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Delbert Rutherford, a Task Force Officer (TFO) for the Drug Enforcement Administration, Dallas, Texas, being duly sworn, state the following:

1.     I have been employed by the Denton County Sheriff's Office (DCSO) for over 13 1/2 years, I am currently an Investigator with the DCSO, and I have been employed as a Task Force Officer (TFO) for the Drug Enforcement Administration (DEA) for over 2 1/2 years, and I am a "federal law enforcement officer" within the meaning of FED. R. CRIM. P. 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request an arrest warrant. I have received extensive training in drug trafficking and financial investigations involving proceeds derived from the sale of controlled substances. During my experience as an Investigator and as a DEA TFO, I have used a variety of methods to investigate drug related crimes, including, but not limited to, visual surveillance, witness interviews, the use of search warrants, confidential informants, undercover agents, pen registers/trap and trace devices, mobile tracking devices, and Title III wire interceptions.

2.     Because this affidavit is offered for the limited purposes of supporting a criminal complaint charging **Gustavo Adolfo Yabrudi** with a violation of 18 U.S.C. § 1956(h), Conspiracy to Commit Money Laundering, it does not include all facts known to me regarding this investigation.

3.     Narcotics traffickers are known to amass large amounts of cash proceeds from the sale of narcotics in the United States.  Traffickers and their associates frequently

attempt to give the impression of legitimacy to those proceeds, i.e., to "launder" them by making the proceeds appear to have been generated from a legitimate source. When law enforcement largely shut down those traditional systems, these criminals turned to trade-based money laundering (TBML). Through export transactions, criminals can move and launder incredibly large sums of money just by buying and selling merchandise in international markets.

5.    In order to infiltrate and fully investigate these money launderers, law enforcement has traditionally conducted undercover "pickup" operations wherein narcotics dealers unknowingly provide narcotics proceeds to undercover law enforcement agents with the belief that those proceeds will be laundered. Many of these pickups are conducted in a clandestine manner and the proceeds are then placed into accounts held by law enforcement agents before a portion of these funds is transferred to exporters of merchandise in the United States at the direction of the money launderers.

6.    Once the narcotics proceeds are in accounts held by the exporter, merchandise is purchased and then sent to a retailer so the merchandise can be sold openly in South America.   When the merchandise arrives and then sold in South America the narcotics proceeds are thus converted to the local currency and used to pay the trafficker. In effect the exporter/retailer receives free use of capital and the narcotics trafficker is able to convert U.S. Dollars into local currency at a much better rate than through the Black Market Peso Exchange.

7.    On or about November 22, 2016, Dallas DEA in an undercover capacity received narcotics proceeds in the form of United States currency, deposited those narcotics proceeds into a law enforcement account held at Justin State Bank, located at

412 FM 156, Justin, Denton County, Texas, within the Eastern District of Texas, then wired $67,900.00 of the narcotic proceeds to Cell Network Incorporated's account held at Bank of America at the direction of another. The funds utilized in the wire transaction originated from United States currency previously picked up by the DEA in an undercover capacity from suspected illegal narcotic traffickers, were deposited into an account in the Eastern District of Texas, and were transferred via interstate commerce. The distribution of illegal narcotics is a specified unlawful activity. Based on this wire, Dallas DEA began an investigation into Cell Network.

8.      Cell Network was a cellular phone wholesale company that purchased cellular phones in Miami, Florida, run by Salomon Maloof (hereinafter Maloof). Cell Network was found to then ship the cellular phones to Barranquilla, Colombia, where the cellular phones were resold to Colombian customers.

9.      During the financial investigation of Cell Network, Dallas DEA was able to identify numerous deposits into Cell Network business accounts from various business and personal accounts controlled by **Gustavo Yabrudi**. Further, **Gustavo Yabrudi** directed Maloof to pay narcotics traffickers.

10.      On June 22, 2017, TFO Delbert Rutherford attended the proffer of Salomon Maloof. Maloof provided numerous details into his money laundering activity and his relationship with **Gustavo Yabrudi**.

11.      Specifically, Maloof detailed his business relationship with **Gustavo Yabrudi** going back to 2012. Maloof advised that **Gustavo Yabrudi** provided funds, either by incoming wires, personal checks, or United States currency deposited into Cell Network business accounts. Maloof was aware these funds were narcotic proceeds

because **Gustavo Yabrudi** told him so during numerous conversations. Often, **Gustavo Yabrudi** informed Maloof of various narcotics traffickers known to him and associated the money being provided to Maloof as having originated from narcotic sales. Maloof utilized these narcotic proceeds to purchase large amounts of cellular phones in Miami, Florida. Those cellular phones were shipped to Baranquilla, Colombia, where Maloof sold the cellular phones to Colombian customers. Maloof then paid narcotics traffickers from the proceeds of the sale of the cellular phones, as directed by **Gustavo Yabrudi,** in Colombian pesos in Colombia, effectively laundering the narcotics proceeds.

12.     Maloof showed investigators numerous What's App messages he received from "Negro 2" (954-226-7186). Maloof advised "Negro 2" was **Gustavo Yabrudi**. Yabrudi often communicated with Maloof via What's App messager to advise Maloof when he should expect deposits of narcotics proceeds to hit Cellular Next bank accounts. A review of Maloof's What's App messages showed an exchange of messages between the two men, where **Gustavo Yabrudi** advised Maloof of the incoming wire on November 22, 2016, of $67,900.00 – the same date and denomination as the directed wire from the law enforcement account held at Justin State Bank.

13.     Maloof also provided a Cell Network business spreadsheet that detailed numerous business transactions between Cell Network and **Gustavo Yabrudi**. The wire transfer on November 22, 2016, was listed on this spreadsheet as having derived from **Gustavo Yabrudi**. Maloof was unaware that the November 22, 2016, wire transfer was conducted by law enforcement. Dallas DEA was able to corroborate Maloof's statements with financial records obtained from U. S. financial institutions.

14.     Based on the foregoing facts and information, I submit there is probable cause to authorize a Criminal Complaint and Arrest Warrant against **Gustavo Adolfo Yabrudi**, a white male, date of birth June 27, 1978, charging him with a violation of Title 18, United States Code, Section 1956(h), Conspiracy to Commit Money Laundering. Specifically, **Gustavo Adolfo Yabrudi** did conspire to commit the offense of engaging in a monetary transaction in an amount greater than $10,000.00, by, through, or to a financial institution with proceeds derived from specified unlawful activity in violation of Title 18, United States Code, Section 1957.


Delbert Rutherford
Task Force Officer, Drug Enforcement Administration


Sworn to before me on this 14th day of March, 2018.


Honorable Christine A. Nowak
U.S. Magistrate Judge for the Eastern District of Texas

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | )   Case No.   4:18MJ73 |
| GUSTAVO ADOLFO YABRUDI | ) |
| | ) |
| | ) |
| *Defendant* | |

FILED

MAR 14 2018

Clerk, U.S. District Court
Texas Eastern

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   GUSTAVO ADOLFO YABRUDI                                    ,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment    ❏ Superseding Indictment    ❏ Information    ❏ Superseding Information    ☑ Complaint
❏ Probation Violation Petition    ❏ Supervised Release Violation Petition    ❏ Violation Notice    ❏ Order of the Court

This offense is briefly described as follows:

SEE AFFIDAVIT

Date:   3/14/18 1:15pm

_____
*Issuing officer's signature*

City and state:   Sherman, Texas                    _____
CHRISTINE A. NOWAK, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                                     _____<br>*Arresting officer's signature*<br><br>TFO DELBERT RUTHERFORD, DEA<br>*Printed name and title* |

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____

Known aliases: _____

Last known residence: _____

Prior addresses to which defendant/offender may still have ties: _____

_____

Last known employment: _____

Last known telephone numbers: _____

Place of birth: _____

Date of birth: _____

Social Security number: _____

Height: _____   Weight: _____

Sex: _____   Race: _____

Hair: _____   Eyes: _____

Scars, tattoos, other distinguishing marks: _____

_____

History of violence, weapons, drug use: _____

_____

Known family, friends, and other associates *(name, relation, address, phone number)*: ___

_____

FBI number: _____

Complete description of auto: _____

_____

Investigative agency and address: _____

_____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: ___

_____

_____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____

_____

PER 18 U.S.C. 3170

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ INFORMATION   ☐ INDICTMENT   ☒ COMPLAINT

CASE NO. 4:18MJ73

Matter Sealed: ☐ Juvenile   ☐ Other than Juvenile
☐ Pre-Indictment Plea   ☐ Superseding
   ☐ Indictment
   ☐ Information
☐ Defendant Added
☐ Charges/Counts Added

*FILED*

USA vs.

Defendant: GUSTAVO ADOLFO YABRUDI

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT
DISTRICT OF Texas

Sherman
Divisional Office

Address: 208, Doral, Florida
1236 SW 147th
Terrace, Pembroke Pines, FL 33027

Name and Office of Person
Furnishing Information on
*THIS FORM*
KARON MOORE
☒ U.S. Atty   ☐ Other U.S. Agency
Phone No. 903-868-9454

Name of Asst.
U.S. Attorney
(if assigned)
LESLEY D. BROOKS

☒ Interpreter Required   Dialect: Spanish

B:
D
1978

☒ Male   ☐ Alien
☐ Female   (if applicable)

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
DEA TFO Delbert Rutherford

Social Secur·                        -2213

☐ person is awaiting trial in another Federal or State Court
   (give name of court)

## DEFENDANT

Issue:   ☒ Warrant   ☐ Summons

☐ this person/proceeding transferred from another district
   per (circle one) FRCrP   20,   21   or   40.   Show District

Location Status:

Arrest Date _____ or Date Transferred to Federal Custody _____

☐ this is a reprosecution of charges
   previously dismissed which were
   dismissed on motion of:
   ☐ U.S. Atty   ☐ Defense

☐ Currently in Federal Custody

☐ Currently in State Custody
   ☐ Writ Required

☐ this prosecution relates to a
   pending case involving this same
   defendant. (Notice of Related
   Case must still be filed with the
   Clerk.)

SHOW
DOCKET NO.

☐ Currently on bond

☐ Fugitive
   ☐ NCIC Entry not Authorized

☐ prior proceedings or appearance(s)
   before U.S. Magistrate Judge
   regarding this defendant were
   recorded under

MAG. JUDGE
CASE  NO.

Defense Counsel (if any): _____

☐ FPD   ☐ CJA   ☐ RET'D

☐ Appointed on Target Letter

Place of
offense
County Denton

☐ This report amends AO 257 previously submitted

## OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS

Total # of Counts 1

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Felony/Misd |
|-----|-----|-----|-----|
| 1 | 18 USC 1956(h) | Conspiracy to Commit Money Laundering | ☒ Felony ☐ Misdemeanor |
|  |  |  | ☐ Felony ☐ Misdemeanor |
|  |  |  | ☐ Felony ☐ Misdemeanor |
|  |  |  | ☐ Felony ☐ Misdemeanor |
|  |  |  | ☐ Felony ☐ Misdemeanor |